**In re Barbara Gail MARKUS, Debtor,**

**Barbara Gail Markus, Appellant,**

**v.**

**Mary–Ann Gschwend, Appellee.**

No. 01–17279.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2002.*

Filed Dec. 17, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Elliott Abrams, Walnut Creek, CA, for the appellant.

Mary–Ann Gschwend, pro se, Concord, CA, for the appellee.

Before: RYMER, THOMAS and SILVERMAN, Circuit Judges.

## OPINION

RYMER, Circuit Judge.

Barbara Gail Markus appeals the Bankruptcy Appellate Panel's (BAP) reversal of a bankruptcy court's dismissal as time-barred of an adversary complaint objecting to Markus's discharge by Mary–Ann Gschwend, who was a judgment creditor of Markus. The complaint was untimely under Bankruptcy Rules 4004(a) and 4007(a) because it was filed more than 60 days after the first date set for the meeting of creditors. However, the BAP held in a published opinion that the complaint related back to a "Motion to Object to Debtors [sic] Discharge and Convert the Chapter 7 Case to Chapter 13" which had been filed within the statutory period. *Gschwend v. Markus (In Re Markus)*, 268 B.R. 556, 564 (9th Cir.BAP 2001). We disagree with the BAP that the motion substantially complied with the pleading requirements of Bankruptcy Rule 7008(a) and Rule 8(a) of the Federal Rules of Civil Procedure, or that the allegations in the complaint were sufficiently linked to those in the motion for the complaint to relate back under Rule 15(c) of the Federal Rules of Civil Procedure.

Markus also appeals the BAP's reversal of sanctions awarded to Markus's counsel for attorney's fees incurred in defense of Gschwend's motion. We agree with the BAP that litigation expenses cannot be shifted when sanctions are imposed under Bankruptcy Rule 9011 on the court's own initiative.

As we have jurisdiction pursuant to 28 U.S.C. § 158(d), we affirm reversal of the sanctions award, but reverse the BAP's reversal of the bankruptcy court's order dismissing Gschwend's adversary complaint.

I

Markus filed a voluntary Chapter 7 bankruptcy on October 22, 1999 after a California state court confirmed an arbitrator's award of $20,088.22 to Gschwend and denied Markus's claim of exemption from wage garnishment. On October 25, 1999, the bankruptcy court served Markus's creditors with a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." The notice set January 24, 2000 as "the deadline to file a complaint objecting to discharge of the debtor or to determine dischargeability of certain debts." It explained that a creditor who believes that the debtor is not entitled to receive a discharge under Bankruptcy Code § 727(a), or that a debt is not dischargeable under § 523(a)(2), (4), (6), or (15), must "start a lawsuit by filing a complaint" with the required filing fee by the deadline.

Gschwend filed a "Motion to Object to Debtors [sic] Discharge and Convert the Chapter 7 Case to Chapter 13" on January 20, four days before the deadline. The January 20 motion states that Markus owns rental income properties and has plenty of assets and a steady position; that "[d]ue to the Debtors [sic] fraudulant [sic] actions the CREDITOR has lost her buisiness [sic] and her retirement savings and she is still paying every month for the debts stemming from this case"; that Markus undervalued property that she owns; that she is capable of paying Gschwend's judgment; and that Markus also owns stock while Gschwend "was forced to use her retirement money and has lost her

business because of the DEBTORS [sic] fraudulant [sic] action." It identifies assets that Markus had allegedly transferred fraudulently or undervalued since Gschwend's state law litigation was commenced. The motion prays that Markus's petition be denied for the reasons stated, that the court order her income property sold and the judgment paid, or that the court convert the Chapter 7 case to a Chapter 13 case. The bankruptcy court denied the motion and ordered Gschwend to show cause why she should not be sanctioned pursuant to Bankruptcy Rule 9011 for pursuing it.[1] On April 10, 2000, following a hearing, the bankruptcy court ordered Gschwend to pay $500 to Markus's counsel as compensation for the time spent responding to the motion to convert.

Gschwend filed an adversary complaint on March 29 that set forth in detail the intentional misrepresentations which she claims rendered Markus's debt nondischargeable under 11 U.S.C. § 523(a)(2) and (a)(6). Markus moved to dismiss, which the court granted on May 31, 2000. The bankruptcy court reasoned that Gschwend's March 29 complaint was time barred because it was not filed within the 60–day limit imposed by Bankruptcy Rules 4007(c) and 4004(a), and that it did not relate back to the January 20 motion because the complaint was directed to nondischargeability of pre-judgment debt whereas the motion, except for a conclusory reference to fraud leading to a debt, referred only to alleged violations of § 727.

Gschwend appealed and the BAP reversed. It held that the January 20 motion was a deficiently pled complaint to

which the March 29 complaint related back based on Gschwend's assertion in the initial pleading that she was a fraud victim who was trying to get paid. The BAP also held that the bankruptcy court abused its discretion when it ordered Gschwend to pay sanctions to Markus's attorney because it did not follow the procedures in Federal Rule of Bankruptcy Procedure 9011 for shifting litigation expenses.

■ Markus has timely appealed.[2]

## II

Markus argues that Gschwend's January 20 motion cannot be characterized as a complaint because it sought to have Markus's Chapter 7 case converted to Chapter 13, to have Markus's case dismissed, and to have Markus's property sold without setting forth any factual basis for denying discharge. But even if the motion were a deficient pleading, Markus submits, there is no nexus between it and the March complaint such that the March complaint should relate back to the motion.

■ We first consider whether the motion was a complaint, albeit a deficient one. Bankruptcy Rule 7008(a) provides that Federal Rule of Civil Procedure 8(a) applies in adversary proceedings. Fed. R. Bank. P. 7008(a) (2001). "In the bankruptcy context, we construe a deficient pleading liberally, if the pleading substantially complies with the requirements of a complaint by giving the debtor 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1508 (9th Cir.1995) (quoting *Classic*

---

1. The order also provided that Gschwend would be barred from objecting to Markus's discharge unless she filed an adversary proceeding by March 29, 2000, but indicated that the court was making no determination as to timeliness.

2. We review the bankruptcy court's dismissal of the adversary complaint, and its award of sanctions, de novo because we are in as good a position as the BAP to do so. *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1506 (9th Cir.1995) (citation omitted).

*Auto Refinishing, Inc. v. Marino* (*In re Marino*), 37 F.3d 1354, 1357 (9th Cir. 1994)). Thus, the dispositive question is whether the January 20 document put Markus on notice that Gschwend was objecting to discharge based on Markus's pre-judgment fraudulent conduct. Gschwend points out that literally, the motion does just that, because the caption and lead sentence include the phrase "object debtors discharge" and the relief requested includes payment of the judgment. However, we agree with the bankruptcy court that neither this, nor the motion's conclusory allusions to pre-debt fraud, suffices.

The January 20 motion is clearly aimed at converting Markus's case from Chapter 7 to Chapter 13. The factual allegations all have to do with Markus's assets and how she treated them in the wake of Gschwend's state court litigation. The document fails to identify any code section or criteria for nondischargeability. It does not claim that confirmation cannot discharge Gschwend's debt; rather, it demands that the debt be paid because Markus has sufficient assets to place her outside of Chapter 7. Nor does the motion set forth any facts having to do with the nature of the conduct that caused the debt, or a claim for relief based on nondischargeability; the motion simply states that Gschwend has been forced to continue paying for debts stemming from this case, and lost her business because of Markus's "fraudulent actions." In context, this pertains to Markus's post-judgment conduct.

In these respects Gschwend's motion differs from the discharge memorandum that we held substantially complied with Rule 8's pleading requirements in *Dominguez*. There, the document's main deficiency was that it was captioned a "Discharge Memorandum" rather than a "complaint"; otherwise, it cited the statu-

tory criteria for nondischargeability, referenced specific sections of the examiner's report as support for allegations that the criteria were satisfied, and stated the claim for relief by asserting that the confirmation order could not discharge the debtor's debts. *Dominguez*, 51 F.3d at 1509. Instead, Gschwend's motion is more like the "Opposition to Sale" that we deemed insufficient in *Marino*, which also failed to demand a judgment of nondischargeability, was not captioned as a pleading, and contained no statement that the proceeding was core or non-core as Bankruptcy Rule 7008(a) requires a complaint to do. *Marino*, 37 F.3d at 1357.

▮ The insufficiency of the January 20 motion to allege a fraudulent basis for the debt is underscored if we suppose that it *is* a complaint and consider whether the March 29 pleading may relate back to it. "We permit relation-back if the new claim arises from the same 'conduct, transaction, or occurrence' as the original claim." *Dominguez*, 51 F.3d at 1510 (quoting *Percy v. San Francisco General Hosp.*, 841 F.2d 975, 978 (9th Cir.1988)). As we explained in *Dominguez*, "[w]e will find such a link when 'the claim to be added will likely be proved by the "same kind of evidence" offered in support of the original pleadings.'" *Id.* (quoting *Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966)); *see also Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 738 (9th Cir.1982) (noting that once the defendant is in court on a claim arising out of a particular set of facts, he is not prejudiced if another claim, arising out of the same facts, is added). Therefore, relation back turns on whether the fraud alleged in the March 29 complaint is the same as the fraud alleged in the motion.

Gschwend's March 29 complaint alleges a number of specific incidents of fraud by Pinnacle Construction and Albert K. Mar-

kus, Markus's ex-husband and business partner, in performing work for Gschwend that form the basis of the § 523 nondischargeability claim. However, these are not the same facts set out in the motion. Evidence which would show that Markus fraudulently conveyed assets or undervalued them *after* Gschwend initiated her lawsuit and obtained her judgment, as described in the motion, would not show that Markus made false representations about Pinnacle *before* the judgment. *See Magno v. Rigsby (In re Magno)*, 216 B.R. 34, 39 (9th Cir.BAP 1997) (rejecting relation back of amended § 523(a)(6) complaint when new claim did not rely on same facts as original § 727(a) complaint).

In sum, the January 20 motion pointed in a completely different direction from the March 29 pleading. The fraud averred is a different fraud from the fraud upon which the March 29 complaint proceeds. The two conclusory references to "fraudulent actions" that caused Gschwend to have to continue paying debts and to lose her business do not signal the distinct particulars that followed in the March 29 complaint. Accordingly, we conclude that the January 20 motion did not substantially comply with Rule 8(a) in so far as alleged fraud preceding Gschwend's judgment is concerned. This leaves nothing to which the March 29 complaint can relate back. However, the result would be the same even were we to construe the motion as sufficiently compliant to be a complaint, for we cannot conclude that the two documents share a common evidentiary base. Therefore, the March 29 complaint does not relate back to the January 20 motion, and is untimely.

### III

■ Markus suggests that the BAP's reversal of the sanctions award should be overturned because Gschwend's appeal was filed too late under Bankruptcy Rule 8002. Fed. R. Bankr.P. 8002 (2001). Her argument appears to be that if we hold that the January 20 motion was not a complaint or that the March 29 complaint does not relate back, then the sanctions order was final when entered on April 10, 2000 and should have been appealed within 10 days. Instead, Gschwend filed her notice of appeal on June 8, following dismissal of the adversary proceeding. We see no problem in how Gschwend proceeded. The bankruptcy court's "Order to Show Cause" treated all of Gschwend's filings as pertaining to Markus's Chapter 7 bankruptcy case. Sanctions orders are interlocutory orders that are not appealable until final judgment is entered. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 209, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). Here, final judgment was not entered until Gschwend's complaint was dismissed as untimely on June 7. Markus cites no authority that would make the timeliness of the sanctions appeal turn on how we end up ruling on the timeliness of Gschwend's complaint.

■ Markus does not challenge the BAP's reversal on the merits. It is clear that attorneys' fees and expenses incurred as a result of violating Bankruptcy Rule 9011 can be shifted only at the motion of one of the parties, and only after the rule—offending party has been given the benefit of the Rule's 21—day safe harbor. Fed. R. Bankr.P. 9011(c)(1)(A) and (c)(2) (2001); *see Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir.1998) (so interpreting the same language in Fed.R.Civ.P. 11).

Markus asks us to remand so that the bankruptcy court may consider whether any other order is appropriate under Bankruptcy Rule 9011. As the bankruptcy court found that the Rule was violated, and Gschwend does not argue otherwise on

appeal, we agree that remand for this purpose is indicated.

REVERSED AND REMANDED IN PART; AFFIRMED IN PART.

The parties shall bear their own costs on appeal.