GRABER, Circuit Judge,
concurring in part and in the judgment, and dissenting in part:
I concur in the majority’s holding that our jurisdiction arises solely from 28 U.S.C. § 1291, not 28 U.S.C. § 158(d)(1). As a result, I also must agree that we cannot examine the finality of the sanctions order under the flexible approach that typically applies to bankruptcy appeals. Cannon v. Haw. Corp. (In re Haw. Corp.), 796 F.2d 1139, 1141-42 (9th Cir. 1986). But I write separately because I disagree with the rule announced in Hawaii Corp. and because, although I agree with the majority’s finality conclusion under § 1291, I disagree with the analysis in Parts III.A-B.
A.
Six years after we decided Hawaii Corp., we reexamined and reaffirmed its holding that the flexible finality approach used in bankruptcy appeals arises under § 158(d)(1), making it unavailable for an appeal that arises solely under § 1291. Vylene Enters., Inc. v. Naugles, Inc. (In re Vylene Enters., Inc.), 968 F.2d 887, 893 (9th Cir.1992). In Vylene Enterprises, we recognized that our rule was inconsistent both with a leading treatise and with the implications of a then-recent Supreme Court decision. Id. at 892 (noting disagreement between Ninth Circuit precedent and Conn. Nat’l Bank v. Germain, 503 U.S. 249, 252-53, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992), and 16 Charles A. Wright et ah, Federal Practice and Procedure § 3926, at 119 (Supp.1991)[1]). As we said in Vylene Enterprises, “Hawaii Corp. unequivocally requires us to apply different finality standards depending on which statute affords jurisdiction.” Id. at 893.
In my view, Hawaii Corp. was wrongly decided.
1.
Hawaii Corp. is unconvincing on its own terms. For instance, the panel worried that the inquiry as to whether an appeal is *821 or is not in a bankruptcy case could be “difficult” and create a practical “problem.” 796 F.2d at 1142 n. 1. Not so. A bankruptcy case is commenced by filing a bankruptcy petition. 11 U.S.C. §§ 301-303. It does not become something other than a bankruptcy case even if ordinary contract claims (for example) must be resolved in the course of the proceeding. A civil action (or adversary proceeding) is commenced by filing a complaint. Fed. R.Civ.P. 3; Fed. R. Bankr.P. 7003. It does not become something other than a civil action even if (for example) a party files for bankruptcy and the case proceeds, with or without substitution of the trustee, upon lifting the automatic stay. The inquiry is straightforward and uncomplicated, as all our sister circuits to have confronted the issue have recognized.
The other rationale underlying the Hawaii Corp. rule was the concern that a contrary holding would amount to treating the adoption of the Bankruptcy Code as “an implied, retroactive amendment of 28 U.S.C. § 1291 enlarging our jurisdiction beyond the bounds of established finality principles.” 796 F.2d at 1142 n. 1. But “[i]n fashioning a rule of appealability under § 1291, ... we look to categories of cases.” Van Cauwenberghe v. Biard, 486 U.S. 517, 529, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). Thus, it is proper and prudent to adopt a special rule of finality for a category of bankruptcy cases. The Bankruptcy Code and its associated framework of appellate jurisdiction surely counsel in favor of that approach.
Contrary to the majority’s assertion, maj. op. at 815-16, my view (and the view of every circuit except ours) is consistent with Van Cauwenberghe. There, in considering the finality of an order denying a motion to dismiss on grounds of forum non conveniens, the Supreme Court wrote:
It is thus undoubtedly true that in certain cases, the forum non conveniens determination will not require significant inquiry into the facts and legal issues presented by a case, and an immediate appeal might result in substantial savings of time and expense for both the litigants and the courts. In fashioning a rule of appealability under § 1291, however, we look to categories of cases, not to particular injustices. See Carroll v. United States, 354 U.S. 394, 405 [77 S.Ct. 1332, 1 L.Ed.2d 1442] (1957) (“Appeal rights cannot depend on the facts of a particular case ”)[.]
Van Cauwenberghe, 486 U.S. at 529, 108 S.Ct. 1945 (emphases added).
To be sure, “categories of cases” exist in the eye of the beholder. The Supreme Court’s discussion in Van Cauwenberghe does not explain exactly how to decide what constitutes a “category.” In my view, though, the best reading of that passage is that the “finality” determination stands independent of the facts and equities of a particular case, but still allows the court to categorize an order in light of its procedural context. Under that reading, the category of sanctions orders in civil cases does not overlap with the category of sanctions orders in main bankruptcy cases.[2]
2.
I am not alone in my view of Hawaii Corp. In the two-and-a-half decades since *822 we issued our opinion, no other circuit has agreed with us. The Third Circuit, for example, has rejected our reasoning and concluded that § 1291 jurisdiction “mirrors” jurisdiction under § 158(d). Metro Transp. Co. v. N. Star Reinsurance Co., 912 F.2d 672, 676 (3d Cir.1990) (citing United States v. Nicolet, Inc., 857 F.2d 202, 205 (3d Cir.1988)). In Nicolet, the Third Circuit observed that, “[i]n fashioning rules of appealability under section 1291, the courts’ focus should lie on ‘categories of cases’ rather than mere case labels.” 857 F.2d at 205 (quoting Van Cauwenberghe, 486 U.S. at 529, 108 S.Ct. 1945).
The Fifth Circuit has similarly rejected the Hawaii Corp. approach:
[Bjecause of considerations unique to bankruptcy appeals — such as the protracted nature of bankruptcy proceedings and the large number of parties interested in them — courts have applied liberalized rules of finality for bankruptcy appeals. The appellees, citing Matter of Hawaii Corp., argue that these liberalized rules apply only to appeals from a district court’s review of a bankruptcy court’s decision pursuant to 28 U.S.C. § 158(d) (“Section 158(d)”), not to appeals from a district court sitting in bankruptcy pursuant to Section 1291. Other circuits, however, have refused to follow Matter of Hawaii Corp. ... We too see no reason to apply different rules of finality for Section 1291 appeals, and will apply the same rules that we apply to Section 158(d) appeals.
Cajun Electric Power Coop., Inc. v. Cent. La. Electric Co. (In re Cajun Electric Power Coop., Inc.), 69 F.3d 746, 747-48 (5th Cir.1995), as amended, 74 F.3d 599 (5th Cir.1996) (citing Tringali v. Hathaway Mach. Co., 796 F.2d 553, 558 (1st Cir.1986); A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir.1986); In re UNR Indus., Inc., 725 F.2d 1111, 1115 (7th Cir.1984)).
The Second Circuit has reached a similar conclusion:
Our cases appear not to have addressed the question of whether the standards for determining finality under Section 158(d) apply to bankruptcy appeals under Section 1291 or whether resort must be had to the principles established in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We perceive nothing to be gained by creating a second set of standards — which, when painstakingly developed, might not differ significantly from those already in place under Section 158(d) — for reviewing identical cases. We therefore follow the Third Circuit in holding that decisions regarding finality under Section 158(d) apply under Section 1291.
Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1283 (2d Cir.1990) (citing Nicolet, 857 F.2d at 205).
Finally, the First Circuit has “held that interpretation of the word ‘final’ in appeal of bankruptcy proceedings should not depend on whether jurisdiction is invoked under 28 U.S.C. § 1291 or § 1293(b) (currently 28 U.S.C. § 158(d)).” In re Spillane, 884 F.2d 642, 644 n. 1 (1st Cir.1989).
In view of this substantial contrary authority, commentators agree that the Ninth Circuit’s unique position is imprudent.
The courts generally agree that in this context the term “final” in section 1291 should be construed just as it is in section 158, but the Ninth Circuit holds to the contrary.
The majority view is more persuasive. As reflected in the case law developed from decisions such as Cohen ..., the *823 courts have found section 1291 adaptable to the concerns presented by varying litigative contexts. There is no reason not to expect similar responsiveness in bankruptcy. More fundamentally, ... any defensible modification of general finality principles for use in bankruptcy derives from the number and inter-relationships of the disparate disputes each case may encompass. Those complexities obtain regardless of the forum in which the litigation begins. Adhering to a single notion of finality at least avoids another layer of complexity.
John P. Hennigan, Jr., Toward Regularizing Appealability in Bankruptcy, 12 Bankr.Dev. J. 583, 598 (1996) (footnotes omitted); see also Sarah E. Vickers, Comment, Interlocutory Appeals in Bankruptcy Cases: The Conflict Between Judicial Code Sections 158 and 1292, 8 Bankr.Dev. J. 519, 531 (1991) (“No policy goal justifies penalizing litigants for bringing their cases initially before the district court.... In addition, the Supreme Court’s guidance in focusing on ‘categories of cases’ should outweigh focusing on where the case originated. Finally, it should be noted that the Ninth Circuit is apparently alone in its view on this subject.”).
3.
Indeed, our analysis of finality under the usual § 1291 standards, as required by Hawaii Corp., amply demonstrates the flawed nature of that rule. In resolving this appeal, we ask whether the sanctions order here falls under the collateral order exception identified in Cohen, 337 U.S. at 546, 69 S.Ct. 1221. “The requirements for collateral order appeal have been distilled down to three conditions: that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.” Will v. Hallock, 546 U.S. 345, 349, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006) (internal quotation marks omitted) (alterations in original) (emphasis added).
The third prong of this test shows that the collateral order doctrine is ill-suited to application in the bankruptcy context. It is not clear to me what, exactly, constitutes a “final judgment” in a bankruptcy case: “Unlike an adversary proceeding or a civil action outside bankruptcy, the culmination of [a] bankruptcy case does not result in a final judgment.” Stasz v. Gonzalez (In re Stasz), 387 B.R. 271, 276 (9th Cir. BAP 2008).
In the absence of a final judgment, perhaps we must look for something procedurally analogous. One close match would be the final order approving distribution of funds under chapter 7 of the Bankruptcy Code. Once that order issues, though, the heart of a bankruptcy case — the debtor’s assets — will have disappeared, pro-rata, into a multitude of hands, precluding effective review of most, if not all, questions involving those assets. Cf. Riverhead Sav. Bank v. Nat’l Mortg. Equity Corp., 893 F.2d 1109, 1114 (9th Cir.1990) (concluding that, where an order required immediate payment of money to a likely insolvent entity, review of that order “effectively would be denied if return of the money awarded were impossible”). Thus, the collateral order doctrine is simply not helpful for determining finality in the bankruptcy context; the flexible approach developed under § 158(d)(1) seems far more appropriate.
Sufficient finality might also arise from other types of orders. Certainly, dismissal of a bankruptcy petition is final. But a meritorious motion to dismiss a chapter 11 petition may, at the court’s discretion, be resolved by conversion to chapter 7. 11 U.S.C. § 1112(b). When a party succeeds *824 on a motion to dismiss, but the court converts the case, is that result any less final than if the court had dismissed the petition? Formally, yes. Functionally, it is not so clear. Although the bankruptcy case would still be pending and open, control of the debtor would have changed hands, from management of the debtor-in-possession to a chapter 7 trustee. For some types of decisions, that change of control might impart sufficient finality; for others, perhaps not. I have little doubt that identifying a final judgment analogue would be just as difficult for cases under other chapters of the Bankruptcy Code. In view of those difficulties, a more flexible approach seems prudent in all bankruptcy appeals, regardless of where they originate.
At the very least, the lack of a clear “final judgment” in a main bankruptcy case means we will need to decide precisely what “categories” of bankruptcy orders are sufficiently final. This inquiry might well lead to the development of rules that parallel the flexible approach already developed under § 158(d)(1). The better solution, in my view, is to simply treat jurisdiction of bankruptcy appeals under § 1291 in the same way that we treat bankruptcy appeals under § 158(d)(1).
In short, I see no convincing justification for continuing to disagree with our sister circuits; we should reevaluate Hawaii Corp.’s lonely rule en banc.
B.
As a final matter, in applying the three-pronged collateral order test to the sanctions order in this case, the majority relies on Cunningham v. Hamilton County, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). I dissent from that part of the analysis, in Parts III.A-B, for two reasons.
First, it is unnecessary; as the majority correctly states at the end of Part III.B, the sanctions order fails to meet the second prong of the collateral • order test, which requires that the issue be separable from the merits. That observation alone is sufficient to decide the issue.
Second, for the reasons identified by this circuit’s Bankruptcy Appellate Panel, I see a material distinction between a main bankruptcy case, like this one, and the civil cases cited by the majority. See In re Stasz, 387 B.R. at 274-76. The majority cites only one bankruptcy case, Markus v. Gschwend (In re Markus), 313 F.3d 1146 (9th Cir.2002). That case involved an adversary proceeding, which is more like a traditional civil case than it is like a main bankruptcy case. I would adopt the reasoning from Stasz, including its reasonable distinctions between this situation and the situation in Markus and Cunningham. Accordingly, I do not join the majority opinion where it diverges from Stasz and holds that Cunningham applies to a main bankruptcy case.
C.
For the reasons stated above, I dissent in part, and concur in part and in the judgment. But I hope that my colleagues will take this opportunity to reexamine the wisdom of the rule established in Hawaii Corp.

. The current version of the treatise states:
Only the Ninth Circuit has refused to apply expanded bankruptcy concepts of finality when an order is entered by the district court acting in bankruptcy. The better rule, followed by other circuits, is that in bankruptcy proceedings § 1291 finality should be treated the same way as § 158(d) finality.
16 Charles A. Wright et al., Federal Practice and Procedure § 3926.2, at 115 n.26 (2d ed. Supp.2011).

. The majority appears to lump together all sanctions orders, no matter the type of sanction, the context, or the nature of the case. Maj. op. at 818 n. 9, 818 n. 10. On the other hand, the majority also distinguishes between civil contempt and other kinds of sanctions. Maj. op. at 819 n. 12. Does this mean that civil contempt is one category, and other sanctions form another category? I think that Van Cauwenberghe plainly permits the latter, just as it permits the categorization that I have suggested.