**NOT FOR PUBLICATION**

MAR 29 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BEATRICE LUI, | No. 14-60025 |
| Debtor, | BAP No. 13-1037 |
| MARGARET EVE-LYNNE MIYASAKI, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| BEATRICE LUI, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted March 14, 2016[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,[***] Senior District Judge.

Margaret Miyasaki appeals the bankruptcy court's order, which dismissed her untimely adversary complaint in Beatrice Lui's bankruptcy proceedings. The bankruptcy court rejected Miyasaki's argument that her adversary complaint should be deemed timely because it related back to a document she filed on time (her objection to Lui's debtor's plan). An untimely complaint can only relate back to a document that was at least substantially-compliant with the Federal Rules of Civil Procedure's requirements for a valid complaint. And the bankruptcy court held that Miyasaki's objection did not contain enough information to substantially comply with Federal Rules of Civil Procedure 8 and 9.

The bankruptcy appellate panel affirmed. We also affirm. Miyasaki's objection was never intended to be a complaint, and it does not contain enough information to substantially comply with the federal pleading rules—so her untimely adversarial complaint cannot relate back to it.

We review the bankruptcy court's decision independent of the BAP's decision. *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 146 (9th Cir. 1993).

---

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

2

We review de novo the bankruptcy court's dismissal of an untimely complaint. *See Markus v. Gschwend (In re Markus),* 313 F.3d 1146, 1149 n.2 (9th Cir. 2002).

In the bankruptcy context, where a party files a timely document that substantially complies with the federal pleading rules for an adversarial complaint (but is technically deficient for some reason), and then files an untimely adversarial complaint correcting these deficiencies, the untimely complaint may be deemed as timely. *See In re Markus*, 313 F.3d at 1149. The adversarial complaints must substantially comply with Federal Rules of Civil Procedure 8 and 9. *See* Fed. R. Bankr. P. 7008, 7009; *In re Markus*, 313 F.3d at 1150.

Rule 9(b) demands that allegations of fraud "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotation marks omitted). Rule 8 requires that "the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (holding that complaints for fraud must comply both with Rule 9's particularity requirement and Rule 8's plausibility requirement). We ignore any conclusory factual or legal

statements and look only to the specific facts alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).

We have emphasized that the touchstone of Rule 8, in the bankruptcy context, is whether the timely document gave the debtor fair notice of the claim in question. *In re Markus*, 313 F.3d at 1150. To this end, we have looked at whether the earlier document was "clearly aimed" at requesting the same relief that the untimely adversarial complaint asks for. *In re Markus*, 313 F.3d at 1150 (holding that a timely document did not substantially comply where it was "clearly aimed at converting [the debtor's] case from Chapter 7 to Chapter 13," and the untimely complaint was primarily concerned with bringing a fraud claim).

Miyasaki's objection was not merely in technical violation of the federal pleading requirements for an adversarial complaint; it left out crucial parts. First, the objection did not contain facts stating a plausible claim for relief. Once we eliminate the conclusory allegations from the complaint, such as that Lui "made it clear" she never intended to pay back the debt, we are left with the mere allegation that Lui signed a promissory note and went into default. *See Iqbal,* 556 U.S. at 681–82 (ignoring allegations that the defendant had knowledge where there were no specific facts supporting an inference of knowledge). The allegation that someone signed a note and did not pay it cannot be enough to plausibly allege

4

fraud. *Id.* (holding that the alleged facts must do more than create the bare possibility of liability).

More importantly, Miyasaki's objection was "clearly aimed" at defeating Lui's plan confirmation, not contesting whether her claim could be discharged. Miyasaki alleged in her objection that the plan (1) did not provide her with distributions of a value equal to the allowed amount of her claim and (2) did "not provide for arrears and/or on-going payments to junior lienholders" on the property. She also challenged plan valuations and the incompleteness of, and inaccuracies in, the plan information. These challenges relate to the plan's fairness. Just because Miyasaki asserts at the end of the objection that she intends to file an adversary proceeding for fraud, the objection cannot be said to have given fair notice of the claims in the untimely complaint. Indeed, that Miyasaki's objection states that she planned to file an adversarial complaint *in the future* shows she understood that the objection could not stand in for an adversarial complaint and that it would not fairly put Lui on notice that the objection was operating as an adversarial complaint.

**AFFIRMED.**