NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GARY ABRAMS,<br><br>           Debtor,<br><br>_____<br><br>GARY ABRAMS,<br><br>           Appellant,<br><br>  v.<br><br>JONI SCHINSKE; NANCY K. CURRY,<br><br>           Appellees. | No.   22-60034<br><br>BAP No.21-1240<br><br><br>MEMORANDUM* |
| In re: GARY ABRAMS,<br><br>           Debtor,<br><br>_____<br><br>GARY ABRAMS,<br><br>           Appellant,<br><br>  v.<br><br>JONI SCHINSKE; NANCY K. CURRY, | No.   22-60035<br><br>BAP No.21-1241 |

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Gan, and Faris, Bankruptcy Judges, Presiding

Submitted February 1, 2024[**]

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Gary Abrams appeals pro se the Bankruptcy Appellate Panel's (BAP) judgment affirming the bankruptcy court and denying rehearing. We have jurisdiction under 28 U.S.C. § 158(d). We independently review the bankruptcy court's rulings on appeal from the BAP, *see In re DeVille*, 361 F.3d 539, 547 (9th Cir. 2004), and we affirm.

The bankruptcy court properly denied Abrams' motion to dismiss, because the motion was untimely. *See* Fed. R. Civ. P. 12(b). Additionally, Abrams' arguments that the bankruptcy court lacked jurisdiction, or that a purchaser lacked standing, are without merit. 28 U.S.C. § 157(b)(2)(B), (G); *see also, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (elements of Article III standing); *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004)

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

("Bankruptcy courts have exclusive jurisdiction over a debtor's property, wherever located, and over the estate.").

The bankruptcy court properly denied Abrams' motion for sanctions. First, the bankruptcy court did not abuse its discretion in determining that Abrams failed to meet the Federal Bankruptcy Rule 9011(c)(1)(A) and (c)(2) "safe harbor" provisions for providing notice to his offending party before filing this motion for sanctions. *See In re Markus*, 313 F.3d 1146, 1151 (9th Cir. 2002). Second, Abrams failed to provide any colorable argument in support of the motion. *See* Fed. R. Bankr. P. 9011 (prohibiting the presentation of material for an improper purpose, and requiring that factual and legal contentions be supported).

The Bankruptcy Appellate Panel did not abuse its discretion when it denied Abrams' motions for rehearing of its BAP decision because Abrams failed to raise any new facts or argument in his motions, nor did he present any material point that the BAP had overlooked. *See* Fed. R. Bank. Proc. 8022(a)(2).

Abrams' "Motion for Appeal of BAP Decision" (Docket Entry No. 6 in No. 22-60034; Docket Entry No. 5 in 22-60035) is denied as unnecessary. This notice of appeal preserved the appeal for Abrams, in which he has had a full opportunity to pursue his relief.

Appellee Joni Schinske's request for sanctions or enhanced costs, made in her answering brief, is denied without prejudice to the filing of a separate, noticed

motion. *See* Fed. R. App. P. 38.

AFFIRMED.