**David FINK, Petitioner,**

v.

**James GOMEZ, Respondent.**

No. CV 96–2652 JSL.

United States District Court,
C.D. California.

March 29, 1999.

Law Offices of Stephen G. Perry, Woodland Hills, CA, pro per, David Fink, Anaheim, CA, Danilo J. Becerra, Moreno, Becerra & Gerrero, Montebello, CA, Diana Carloni Nourse, Cihigoyenetche, Grossberg & Clouse, Ontario, CA, Catherine J. Malich, DAG, Department of Justice, Los Angeles, CA, for petitioner.

Anthony Da Silva, Deputy Attorney General, San Diego, CA; for respondent.

## ORDER

LETTS, District Judge.

On January 28, 1999, the court issued an Order to Show Cause Why Respondent's Counsel in the *Ylst* Case Should Not Be Sanctioned ("OSC"), which detailed the matters about which the court was considering sanctions against attorney Diana Carloni Nourse. After receiving briefing from the parties in response to the OSC, the matter was heard on February 22, 1999.

For the reasons set forth in the record of the February 22, 1999 hearing, the court finds that Diana Carloni Nourse and her counsel Richard Clouse have failed to show cause why Ms. Nourse should not be sanctioned for her conduct in this case. The court has been unable to determine whether Ms. Nourse acted in subjective bad faith when making the statements and pursuing the arguments at issue in this OSC. It is clear, however, that she acted with reckless disregard for the truth, which rose to the level of objective bad faith. Also, as set forth in the transcript, the court has the same concerns and has reached the same conclusions concerning statements made by Ms. Nourse's counsel, Richard Clouse, in response to the OSC and at the hearing thereon. The court has formed no conclusion as to the degree to which Mr. Clouse's statements were made in reliance on things told him by Ms. Nourse.

██ To the extent that Ms. Nourse did not act in subjective bad faith, her actions may reflect an unconscious, but illegitimate, reliance on the fact that in cases such as these, where her opponent would rarely be represented by counsel, statements such as the ones at issue here would not likely be rebutted by her opponent and a judge would likely take her statements at face value. As the court stated on the record previously, counsel cannot proffer statements, with no regard to their veracity, then attempt to avoid sanctions by pleading ignorance when those statements are exposed as untrue either by the court or by her opponent.

██ Counsel who acts in objective bad faith should be subject to sanctions. Whether misstatements by an officer of the court result from subjective bad faith, reckless disregard for the truth, or incompetence, the impact on the system is the same—the court is unable to rely on the truthfulness or accuracy of those statements and must, therefore, question and examine everything brought before it by that counsel. If misrepresenting facts to the court is unethical, then such misrepresentations should be sanctionable if done with reckless disregard for the truth.

██ Under the law of the Ninth Circuit, however, it is unclear whether sanctions are appropriate in circumstances such as these, where counsel is found to be in objective bad faith, but the court is unable to make a determination regarding subjective bad faith. Compare *In re Keegan Management Co.,* 78 F.3d 431, 436 (9th Cir.1996) (Recklessness "is an insufficient basis for sanctions under a court's inherent power. Instead, counsel's conduct must 'constitute[ ] or [be] tantamount to bad faith' " and the court must make a specific finding of bad faith.) (citations omitted) and *Barber v. Miller,* 146 F.3d 707, 711 (9th Cir.1998) ("An award of sanctions under ... the district court's inherent authority requires a finding of recklessness *or* bad faith.") (emphasis added) (citing *In re Keegan* ). Moreover, the tenor of the Ninth Circuit law makes it likely that any imposition of sanctions would be reversed. *See, e.g., Barber,* 146 F.3d at 710–711; *In re Keegan,* 78 F.3d at 436–437; *Zambrano v. City of Tustin,* 885 F.2d 1473 (9th Cir. 1989).

For these reasons, the court will not sanction Ms. Nourse, despite the finding that she has not shown cause, nor will it issue another order to show cause to Mr. Clouse why he should not be sanctioned pursuant to F.R.C.P. Rule 11 and the court's inherent powers for statements

made in his written response to the OSC and at the hearing thereon.

IT IS SO ORDERED.