Frank D. LANGDON, Grant D. Langdon, Plaintiffs,

v.

COUNTY OF COLUMBIA; Paul Proper, Former Sheriff of Columbia County; David Proper, Deputy Sheriff for Columbia County; Charles Wilson, Deputy Sheriff for Columbia County; Investigator Vick, Investigator for Columbia County Sheriff's Department; Investigator Cozzalino, Investigator for Columbia County Sheriff's Department; Jason Shaw, as Employee of Rappaport, Meyers, Whitebeck, Shaw & Rodenhausen, LLP; Carl G. Whitbeck, Jr., Columbia County Attorney, Defendants.

No. 98–CV–173 (HGM).

United States District Court, N.D. New York.

June 14, 2004.

Frank D. Langdon, Philmont, Plaintiff Pro Se.

Grant D. Langdon, Cincinnati, OH, Plaintiff Pro Se.

Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., Albany, NY (James A. Resila, of counsel), for Defendants County of Columbia, Paul Proper, David Proper, Wilson, Vick, Cozzalino and Whitbeck.

Rappaport, Meyers, Whitbeck, Shaw & Rodenhasuen, LLP, Hudson, NY (Jason L. Shaw, of Counsel), for Defendant Shaw.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

### BACKGROUND

On August 9, 1999, the Clerk's Office for the Northern District of New York received correspondence from *pro se* plaintiff, Grant D. Langdon ("Langdon"), which included a notice of motion and an affidavit in support of his request for sanctions for full recovery of damages, presumably made pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, against defendants. Previously, on July 14, 1999, the court granted defendants' motion to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure holding that Langdon and his son's case was barred by the doctrine of *res judicata*. *See Langdon v. Proper*, 1999 WL 504911 (N.D.N.Y. July 14, 1999). Judgment was entered for defendants the same day. Dkt. No. 41. Plaintiff never appealed the court's order of dismissal to the Second Circuit Court of Appeals, thus rendering this court's judgment final and the case closed.

On June 1, 2004, the court received a Mandate from the Second Circuit Court of Appeals, which denied Langdon's mandamus petition to compel the district court to decide Langdon's motion for sanctions. The Second Circuit noted that Langdon had "failed to submit evidence that the motion for sanctions, which is neither reflected on the district court's docket sheet

nor present in the record, was actually filed in the district court ... If [Langdon] wishes to contest the accuracy of the district court's records, application should be made to that court." Dkt. No. 42.

On June 4, 2004, the court received correspondence from Langdon in which he contested the accuracy of the district court's records. Langdon cited his motion papers dated August 4, 1999, and noted that in reply to his motion for sanctions, counsel for defendants had submitted an affidavit in opposition. After review of Langdon's submissions, the court determines that Langdon submitted a motion for sanctions that should have been filed and surmises that, due to clerical error, plaintiff's motion for sanctions was never file stamped and thereafter remained in the correspondence section of the case file.[1] The court will now address Langdon's motion for sanctions.

## DISCUSSION

### I. Plaintiff's *Pro Se* Status

■ Because plaintiff proceeds *pro se* in this matter, the court must hold his submissions to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *accord Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994) ("[W]e read [the pro se party's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). This liberal standard, however, does not excuse a *pro se* litigant from complying with relevant rules of procedural and substantive law. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983).

### II. Alleged Sanctionable Conduct

In his August 9, 1999, affidavit, Langdon alleges that "[l]awyers for the defendant and the named defendants Obstructed Justice by destruction Of evidence, the willful withholding of evidence and filing a frivolous motion To conceal the illegal actions of the County of Columbia and the defendants." In his June 4, 2004, affidavit, Langdon alleges that James Resila, Esq., counsel for defendants, submitted affidavits he knew to be false. Langdon further alleges that Resila withheld exculpatory evidence from the Grand Jury and District Attorney. Langdon requests that the court award "sanctions covering the full damages caused by the defendants" in the amount of $50 million and bar Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C. from appearing before the Federal Courts and practicing law within the State of New York. Langdon Aff. August 9, 1999; Langdon Aff. June 9, 2004.

### III. Rule 11 Procedural Requirements

As noted above, Langdon failed to specify under or upon which statute he was bringing his motion for sanctions against defendants. Based upon the allegations contained in Langdon's affidavits, as summarized above, the court infers that Langdon brought his motion pursuant to Rule 11(b) and Rule 11(c) of the Federal Rules of Civil Procedure. Rule 11(b)(3) states

> By representing to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-(3) the allegations and other factual contentions have evidentiary support or, if specifically so

---

**1.** Oddly enough, defense counsel's affidavit in opposition to Langdon's motion was file stamped in Albany, New York on September 9, 1999, but was never entered onto the docket. Again, the court attributes this lapse to clerical error.

identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Rule 11(c) states "[i]f after notice and a reasonable opportunity to respond, the court determines that [Rule 11](b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated [Rule 11](b) or are responsible for the violation."

### A. Service and Filing

To comply with Rule 11's procedural requirements, a party must make its motion for sanctions separate from other motions or requests, describe the specific conduct alleged to violate Rule 11(b), provide notice to opposing counsel, and serve the motion at least twenty-one days prior to filing the motion with the court. Fed.R.Civ.P. 11(c)(1)(A); see Kron v. Moravia Central School Dist., 2001 WL 536274, at *1 (N.D.N.Y. May 3, 2001). Although Rule 11 does not specify what type of notice is required, the advisory committee notes provide that "[i]n most cases, ... counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Fed.R.Civ.P. 11 Advisory Committee Notes.

### B. Timeliness

■ Although Rule 11 does not specify when a party should move thereunder, its drafters advise early action:

Ordinarily the [Rule 11] motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery.

Given the "safe harbor" provisions ... a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

Fed.R.Civ.P. 11 Advisory Committee Notes (1993 Amendments). Because "a Rule 11 motion cannot be made unless there is some paper, claim, or contention that can be withdrawn, it follows that a party cannot wait to seek sanctions until after the contention has been judicially disposed. A party must ... serve a Rule 11 motion on the allegedly offending party *at least* twenty-one days prior to conclusion of the case or judicial rejection of the offending contention." *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997) (emphases added). Similarly, the Second Circuit has observed that Rule 11's "'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." *In re Pennie & Edmonds, LLP*, 323 F.3d 86, 89 (2d Cir.2003); *see also Brickwood Contractors, Inc. v. Datanet Eng'r, Inc.*, 369 F.3d 385, 388–89 (4th Cir.2004) (explaining that Rule 11 "sanctions cannot be brought after summary judgment has been granted"); *Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir.1998) (reversing district court's award of sanctions where the moving party requested sanctions after the district court had already dismissed the complaint with prejudice). Service and filing of a Rule 11 motion must occur prior to final judgment and quite clearly then, a party cannot move for sanctions after the court has already dismissed the case. *See Brickwood*, 369 F.3d at 388–89 ("It is clear from the language of the rule that it imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements pre-

cludes the imposition of the requested sanctions.").

## IV. Motion For Sanctions Is Time–Barred

■ Here, the court is unable to determine whether Langdon complied with Rule 11's service and filing requirements because there is no indication when he notified or served Resila, the target of his motion for sanctions. Therefore, the court cannot determine whether Langdon served the motion twenty-one days prior to filing the motion with the court. Irrespective, however, of when Langdon served the motion on Resila, it is clear that he filed [2] his motion twenty-three days *after* the court dismissed the case and judgment was entered for defendants. Rule 11 does not permit the court to entertain motions for sanctions filed after the conclusion of the case or judicial rejection of the offending contention. *See id.*, 369 F.3d at 388–89 ("If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions."). Therefore, the court DENIES Langdon's motion for sanctions with prejudice.

### CONCLUSION

WHEREFORE, after careful consideration of the file in this matter and the parties' submissions, as well as the applicable law, the court hereby

ORDERS that Langdon's motion for sanctions is DENIED; the court further

ORDERS that to the extent the court opened the case, the case is again closed.

IT IS SO ORDERED.

---

2. Although, as noted above, Langdon's notice of motion was neither file stamped nor docketed, the court here *sua sponte* considers the motion as if it had been filed on the date the court received it: August 9, 1999.