**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  FAROUK E. NAKHUDA, | No.    16-60017 |
| Debtor, | BAP No. 15-1149 |
| ------------------------------ | |
| ANDREW W. SHALABY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| PAUL MANSDORF, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Wanslee, Bankruptcy Judges, Presiding

Submitted November 15, 2017[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and W. FLETCHER and PAEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Andrew W. Shalaby appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's disgorgement of fees paid to Shalaby and the suspension of his electronic case filing privileges in that court but reversing the bankruptcy court's imposition of sanctions under Fed. R. Bankr. P. 9011. We review a bankruptcy court's award of sanctions and its decision as to the appropriate amount of legal fees for abuse of discretion. *Hansbrough v Birdsell (In re Hercules Enters., Inc.)*, 387 F.3d 1024, 1027 (9th Cir. 2004) (sanctions); *Hale v. U.S. Tr.*, 509 F.3d 1139, 1146 (9th Cir. 2007) (fees). We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The BAP properly concluded that the bankruptcy court did not abuse its discretion when it suspended Shalaby's electronic case filing privileges until he had undergone electronic case filing training by the clerk's office. The local rules of the United States Bankruptcy Court for the Northern District of California give the bankruptcy court the authority to impose sanctions on attorneys practicing before it for failure to comply with the court's local rules. Bankr. N.D. Cal. R. 9011-1. The local rules further provide that when an electronically filed document requires the signature of a third party, such as a debtor, the document must contain

the original ink signature of the third party or a copy of the original ink signature. Bankr. N.D. Cal. R. 5005-2(d).

The record supports the bankruptcy court's finding that Shalaby's continued failure to obtain the debtor's original ink signature on documents electronically filed with the court violated the local rules. The error was brought to Shalaby's attention, yet he continued to violate the rules. The district court did not abuse its discretion by suspending his filing privileges until he had received training.

II

The BAP also properly determined that the bankruptcy court did not abuse its discretion when it ordered Shalaby to disgorge the $4,000 fee paid to him by the debtor. The bankruptcy court applied the correct legal standard, and its determination that the fee was excessive in light of the services rendered by Shalaby is supported by the record. 11 U.S.C. § 329.

By filing various amendments and advancing a number of arguments not supported by bankruptcy law, Shalaby prolonged the duration of the proceedings and delayed the debtor's discharge, which resulted in greater cost and detriment to the debtor and the estate. The bankruptcy court found Shalaby's services were neither necessary nor beneficial to the debtor. The bankruptcy court did not abuse its discretion in ordering the disgorgement of Shalaby's fee.

3

## III

We decline to address the additional issues raised by Shalaby in his opening brief that were outside the scope of his Notice of Appeal. *See* Fed. R. App. P. 3(c) (stating the notice of appeal must "designate the judgment, order, or part thereof being appealed from").

**AFFIRMED.**