NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 1, 2019
Decided August 20, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2369

| | |
|---|---|
| IN RE: ANDREW W. SHALABY, <br> *Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 18 D 21 <br><br> Rebecca R. Pallmeyer, <br> *Chief Judge*. |

**O R D E R**

Andrew W. Shalaby seeks review of an order of the Executive Committee of the Northern District of Illinois denying his admission to the general bar of that court and requiring that he not reapply for at least one year. Because the Executive Committee's order is reasonable in light of Shalaby's previous conduct, we affirm the order.

Shalaby is an attorney licensed to practice in California. He was admitted to appear pro hac vice before the Northern District of Illinois in *Bailey v. Worthington*, 16-

cv-07548, a products-liability suit. Opposing counsel moved to revoke Shalaby's pro hac vice admission on the basis that Shalaby's application failed to disclose that he had been disciplined by the United States Bankruptcy Court for the Northern District of California. See *In re Nakhuda*, No. 14-41156-RLE, 2015 WL 1943450 (Bankr. N.D. Cal. 2015) aff'd in part, 544 B.R. 886 (B.A.P. 9th Cir. 2016), aff'd, 703 F. App'x 621 (9th Cir. 2017).

The district judge issued a show-cause order demanding that Shalaby explain why his admission should not be revoked on the basis of his misrepresentations and because of false statements he had made about the magistrate judge presiding over the case. (Shalaby repeatedly stated that the magistrate judge had a conflict and should have recused himself under 28 U.S.C. § 455(b)(2), even though the magistrate judge explained that Shalaby was working from incorrect information about the dates of his employment with a defense law firm in the *Bailey* case.) The district judge explained in an unusually detailed order why he found Shalaby's defense of his behavior unpersuasive and revoked Shalaby's pro hac vice admission.

While those proceedings were ongoing in the *Bailey* case, Shalaby petitioned for admission to the general bar of the Northern District of Illinois. See N.D. ILL. L. R. 83.10. He again represented that he had not been disciplined by any court. The Executive Committee denied Shalaby's petition for admission. Shalaby tried again less than a year later, but the Executive Committee denied his request because the new application did not provide any reason to reconsider its recent denial. It also ordered that Shalaby could not reapply for admission for one year, and that he may not appear or submit filings in any case before the court as the lawyer for another person.

On appeal from that order, Shalaby argues that the Executive Committee wrongly relied on the district court's revocation of his pro hac vice admission and that the Executive Committee's order infringes his free-speech rights. Shalaby also contends that some of the behavior that gave rise to his discipline was appropriate; he still maintains that the magistrate judge should have recused himself.

We note at the outset that we have jurisdiction over this appeal because filing restrictions and denial of bar membership are judicial, not administrative, in nature. See *In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003); *In re Palmisano*, 70 F.3d 483, 484–85 (7th Cir. 1995).

Shalaby contends that the Committee erred by relying on the district judge's order revoking his pro hac vice admission in the *Bailey* case because that order is "not final" and that he intends to appeal the order at the conclusion of the case. But the district court's Executive Committee has broad authority to regulate the attorneys who seek to practice before it. See *Frazier v. Heebe*, 482 U.S. 641, 645 (1987). The district judge's order in *Bailey* revoking Shalaby's pro hac vice admission is thorough; the Committee did not err in taking it into consideration.

Shalaby's argument that his discipline violates his free-speech rights fares no better. The First Amendment did not give him a constitutional right to make false statements in his bar applications. Also, federal courts may prohibit attorneys from making "false accusations that bring the judicial system into disrepute." *Palmisano*, 70 F.3d at 487. Shalaby's false statements and accusations, which the district court reviewed carefully and found to have been made recklessly, "do not enjoy constitutional protection." *Id*. at 487–88 (citing *Garrison v. Louisiana*, 379 U.S. 64, 75 (1964).

The Executive Committee did not abuse its discretion in denying Shalaby's application for admission to its general bar. Accordingly, IT IS ORDERED that the Executive Committee's order is AFFIRMED.