**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ADAM LEE,<br>　　　　Debtor. | BAP No. HI-20-1036-BGTa |
| | Bk. No. 13-01356 |
| BOON HAN SIA,<br>　　　　Appellant,<br>v.<br>DANE FIELD, Chapter 7 Trustee,<br>　　　　Appellee. | Adv. No. 19-90030<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Hawaii
Robert J. Faris, Bankruptcy Judge, Presiding

Before: BRAND, GAN, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Appellant Boon Han Sia appeals an order sanctioning him for filing what

the bankruptcy court found were frivolous complaints naming the chapter 7[1]

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil

(continued...)

trustee, Dane Field ("Trustee"). Although sanctions were not available under Rule 9011, which is what Trustee requested, we conclude that the record supports the bankruptcy court's decision to impose sanctions under its inherent authority, and we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.    Events leading to Trustee's motions for sanctions**

During the course of this chapter 7 case, Trustee sued the debtor to set aside two alleged fraudulent transfers of real property. The debtor had claimed an exemption for both properties. Ultimately, the bankruptcy court found that the transfers were fraudulent and ordered that they be avoided for the benefit of the estate.

In opposing Trustee's attempts to obtain possession of the properties, the debtor argued that Trustee had not timely objected to his claimed exemptions under Rule 4003 and therefore the exemptions were valid notwithstanding the court's avoidance of the transfers. In essence, the debtor contended that Trustee's adversary complaint seeking to avoid the transfers, though filed within 30 days after the § 341(a) meeting of creditors, was not a proper "objection" under Rule 4003. The bankruptcy court disagreed and granted the turnover order, thus denying the claimed exemptions. The debtor appealed. The district court affirmed the bankruptcy court, and the Ninth Circuit Court

---

[1](...continued)
Procedure.

2

of Appeals affirmed the district court. *Lee v. Field (In re Lee)*, 889 F.3d 639 (9th Cir. 2018). The Circuit expressly held that filing the adversary complaint contesting the basis for the exemptions satisfied the procedural requirements of Rule 4003.

After the Ninth Circuit's ruling, Tom Ishimaru, purported creditor of the debtor's chapter 7 estate, filed a complaint against Trustee challenging the denial of the debtor's claimed exemptions and asserting that Trustee's adversary complaint did not comply with the procedural requirements of Rule 4003 — the exact issue decided in the debtor's appeal of the turnover order.

Trustee then served Ishimaru with correspondence designated as a "motion for sanctions" under Rule 9011 ("Ishimaru Letter"). Trustee asserted that Ishimaru's complaint was a frivolous collateral attack on the turnover order that was challenged and upheld by the Ninth Circuit. Trustee also speculated that the debtor was behind the claims asserted in the complaint, because he raised these same claims in opposition to the turnover order and only he benefitted from allowing the exemptions; there was no benefit to creditors. The Ishimaru Letter provided the 21-day safe harbor provision of Rule 9011 and advised Ishimaru that, if he did not withdraw the objectionable pleading, Trustee would file a motion seeking sanctions against him, to include attorney's fees and costs incurred in defending against the frivolous

complaint. Eight months later, Ishimaru moved to dismiss his complaint.[2]

Soon after Ishimaru filed his complaint, Sia, also a purported creditor of the debtor's chapter 7 estate, filed a complaint against Trustee essentially identical to Ishimaru's. Trustee promptly served Sia with correspondence designated as a "motion for sanctions" under Rule 9011 similar to the Ishimaru Letter ("Sia Letter"). The Sia Letter provided the 21-day safe harbor provision of Rule 9011 and advised Sia that, if he did not withdraw the objectionable pleading, Trustee would file a motion seeking sanctions against him, to include attorney's fees and costs incurred in defending against the frivolous complaint.

Sia failed to attend the initial scheduling conference. The bankruptcy court dismissed Sia's complaint on June 10, 2019, for failure to prosecute.

Undeterred, Sia filed a second complaint against Trustee on September 16, 2019, which was essentially identical to his first. Trustee again served Sia with correspondence designated as a "motion for sanctions" under Rule 9011 (together with the Sia Letter, the "Sia Letters," and collectively with the Ishimaru Letter, the "Letters"). Trustee maintained that this second complaint was frivolous and unwarranted for the same reasons as the first. Trustee advised Sia that, if he did not withdraw it within 21 days, Trustee would file a motion seeking sanctions against him, to include attorney's fees and costs

---

[2] The bankruptcy court held the hearing for Ishimaru's motion to dismiss on the same day as the hearing for Trustee's Rule 9011 motions against Ishimaru and Sia. The court entered an order granting Ishimaru's motion to dismiss on January 29, 2020.

4

incurred in defending against both frivolous complaints.

The bankruptcy court dismissed Sia's second complaint on December 11, 2019, for failure to prosecute. Sia again failed to attend the initial scheduling conference. The court reserved jurisdiction to consider a motion for sanctions, if Trustee decided to seek sanctions against Sia.

**B.     Trustee's sanctions motions under Rule 9011**

Trustee filed and served Rule 9011 motions against Sia and Ishimaru. He argued that the complaints were frivolous because the issues they raised had already been decided by the Ninth Circuit. Further, Sia had neither prosecuted his complaints nor responded to Trustee. For Sia, Trustee requested $7,980 for attorney's fees and costs incurred defending against his two complaints and prosecuting the sanctions motion.

Sia and Ishimaru filed essentially identical oppositions to the Rule 9011 motions, arguing that the complaints were not frivolous, and that the Letters were insufficient and did not satisfy Rule 9011. They maintained Rule 9011 requires that the offending party be served with the "actual motion" — not a warning letter — to trigger the 21-day safe harbor provision. In response, Trustee argued that Sia and Ishimaru were putting form over substance. The Letters were designated as a "motion for sanctions" and were in all material respects identical to the motions filed. The Letters identified the exact nature of the objectionable conduct, provided the 21-day safe harbor, and further advised that, if the objectionable pleadings were not withdrawn, Trustee

would seek sanctions. The only difference between the Letters and the motions, argued Trustee, was a caption and a cover page. Thus, in Trustee's opinion, the Letters complied with Rule 9011's procedural requirements and were not a basis for denying the motions.

The bankruptcy court held consecutive hearings on the Rule 9011 motions, hearing the Ishimaru matter first. After hearing argument from Ishimaru and counsel for Trustee, the court stated that, while it did not like the result, it agreed with Ishimaru — the offending party must be served with the actual motion. Thus, it "reluctantly" denied sanctions against Ishimaru.

Sia did not appear for his sanctions hearing. Counsel for Trustee again asserted that the Sia Letters complied with Rule 9011. In response, the court stated that it would grant the motion in Sia's case because, unlike Ishimaru, Sia made no efforts to withdraw his "frivolous" complaint. The court ruled that it could also sanction Sia under its inherent authority. The court later entered a written order sanctioning Sia and awarding Trustee $7,980 for attorney's fees and costs. Sia timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction to award sanctions under 28 U.S.C. § 157(b)(1) and (b)(2)(A). We have jurisdiction under 28 U.S.C. § 158(b).

## III. ISSUE

Did the bankruptcy court abuse its discretion in sanctioning Sia?

6

## IV. STANDARDS OF REVIEW

We review a bankruptcy court's interpretation and application of the bankruptcy rules de novo. *All Points Capital Corp. v. Meyer (In re Meyer)*, 373 B.R. 84, 87 (9th Cir. BAP 2007).

We review an award of sanctions for an abuse of discretion. *See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 283 (9th Cir. 1996) (reviewing sanctions imposed under Rule 9011 and the bankruptcy court's inherent power to sanction); *Shalaby v. Mansdorf (In re Nakhuda)*, 544 B.R. 886, 898 (9th Cir. BAP 2016), *aff'd*, 703 F. App'x 621 (9th Cir. 2017). A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## V. DISCUSSION

We are not sure if the bankruptcy court imposed sanctions against Sia under only the court's inherent authority or under both the court's inherent authority and Rule 9011. It appears that the court did both, even though it denied sanctions in the Ishimaru case because the Ishimaru Letter did not comply with Rule 9011. However, the court also stated at Sia's hearing that it denied Rule 9011 sanctions in the Ishimaru case because Ishimaru withdrew his complaint. The Sia order is silent as to what authority the court relied upon

7

to award sanctions against Sia. Thus, we will analyze the Sia order under both Rule 9011 and the court's inherent authority.

**A.     Rule 9011 was not a basis for sanctions against Sia.**

Rule 9011(b) requires attorneys and unrepresented parties to ensure papers filed before a bankruptcy court are "not being presented for any improper purpose," that the claims asserted are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that the "allegations and other factual contentions have evidentiary support." Rule 9011(b)(1), (2), (3). The central purpose of the rule is to deter baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (Civil Rule 11). Signing or advocating a paper which violates these standards may result in the imposition of sanctions. Rule 9011(c).

A party filing a motion for sanctions under Rule 9011 must comply with Rule 9011(c)(1)(A).[3] The question here is whether the Sia Letters complied. In

_____

[3] Rule 9011(c)(1)(A) provides, in relevant part:

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the . . . parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

    (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). . . . The motion for

(continued...)

other words, does a "letter" notice suffice, notwithstanding the rule's clear reference to service of a "motion" to initiate the safe harbor period? Sia contends that the Sia Letters did not comply, arguing that the movant must serve the offending party with the actual motion to be filed. Trustee contends that the Sia Letters complied with the rule because they were essentially identical to the motion filed; the only thing missing was a caption and a cover page. The bankruptcy court opined in connection with the Ishimaru motion that, while the Ninth Circuit has not yet decided this precise issue, it would likely agree with the Sixth Circuit in *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), that the party must be served with the actual motion that is to be filed.

We believe the Ninth Circuit addressed this issue in *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998), holding that informal warning letters do not substitute for service of a motion. In *Barber*, the movant had warned the offending party in two separate letters that his claims were baseless, putting him on notice that the movant would seek Civil Rule 11 sanctions if the purportedly frivolous complaint was not withdrawn. The case was later

---

[3](...continued)

> sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion[.]

9

dismissed. Approximately two months after the dismissal, the movant informed the offending party by letter that it would seek sanctions under Civil Rule 11. One month later, the movant filed a motion for sanctions and served the offending party with the motion. The Ninth Circuit reversed the district court's award of sanctions to the movant, holding that the "safe harbor" expressly requires **service of a motion** in compliance with Civil Rule 11(c)(2).[4] *Id.* "It would . . . wrench both the language and purpose of . . . the Rule to permit an informal warning to substitute for service of a motion." *Id.*

The Ninth Circuit further discussed its holding in *Barber* in *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772 (9th Cir. 2001):

> In *Barber*, we held that the procedural requirements of Rule 11(c)(1)(A)'s "safe harbor" are mandatory. Thus, in *Barber*, we concluded that, although a defendant had given informal warnings to the plaintiffs threatening to seek Rule 11 sanctions, these warnings did not satisfy the strict requirement that a motion be served on the opposing party twenty-one days prior to filing. It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions. In light of our holding in *Barber*, the fact that the plaintiffs had advance warning that Rainbow objected to their conspiracy allegation did not cure Rainbow's failure to comply with the strict procedural requirement

---

[4] Civil Rule 11(c)(2) is the equivalent to Rule 9011(c)(1)(A). Because Rule 9011 parallels Civil Rule 11, courts apply the same standard in interpreting cases under Rule 9011 as in cases involving Civil Rule 11. *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 551-52, n.5 & 8 (9th Cir. 2004) (noting that the Ninth Circuit still looks to the Advisory Committee Notes to the 1993 Amendments to Civil Rule 11 to inform judgments about the procedures required in imposing sanctions under Rule 9011).

of Rule 11(c)(1)(A). The district court abused its discretion when it concluded otherwise.

*Id.* at 789 (internal citations omitted). To comply with the rule, the defendant was required to serve its Civil Rule 11 motion on the plaintiffs, with a demand for retraction of the offending allegations, and then to allow the plaintiffs at least 21 days to retract the pleading before filing the motion with the court. *Id.* at 788-89. *See also Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002) (observing Civil Rule 11 contemplates service of a "filing-ready motion" 21 days prior to filing the actual motion with the court in order to trigger the safe harbor period).[5]

Thus, even though the Sia Letters contained the same facts and requested the same relief as the Rule 9011 motion, they did not substitute for service of the motion itself, which had to be served on Sia at least 21 days before it was filed with the court. Therefore, Rule 9011 was not a proper basis for imposing sanctions against Sia.

---

[5] We further note that in the 1993 Amendments to Civil Rule 11 the Advisory Committee refers to letters as "informal notice" and recommends that attorneys send a warning letter as a professional courtesy "before proceeding to prepare and serve a Rule 11 motion." *See* Civil Rule 11 Advisory Committee Notes (1993 Amendments). *See also Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) ("[T]he Advisory Committee's Notes clearly suggest that warning letters . . . are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself.").

**B.    The bankruptcy court did not abuse its discretion in sanctioning Sia under its inherent authority to sanction.**

The bankruptcy court alternatively ruled that it could sua sponte impose sanctions against Sia under its inherent authority. Sia offers no argument for how the court abused its discretion by sanctioning him on that basis. In any case, we first consider whether Sia received due process since Trustee did not request sanctions pursuant to the bankruptcy court's inherent authority.

Trustee requested sanctions only under Rule 9011. Neither he nor the court gave Sia any prior notice that inherent authority sanctions were a possibility. Although inherent authority sanctions may be imposed sua sponte, due process must nonetheless be provided. *Miller v. Cardinale (In re DeVille)*, 280 B.R. 483, 495-96 (9th Cir. BAP 2002), *aff'd sub nom. Miller v. Cardinale (In re DeVille)*, 361 F.3d 539 (9th Cir. 2004). Ordinarily, the person to be sanctioned must be notified of the alleged misconduct and the particular disciplinary authority under which sanctions are to be imposed. *In re Deville*, 361 F.3d at 548. The failure to provide the disciplinary authority may not be fatal where the sanctionee is provided with sufficient advance notice of exactly what conduct is alleged to be sanctionable and that he stood accused of acting in bad faith. *Id.* at 548-49. In *DeVille,* the Ninth Circuit held that due process was accorded when the court's order to show cause cited Rule 9011 as the basis for sanctions but the court ultimately imposed sanctions under its inherent authority, because the sanctionee was aware that his conduct was sanctionable

and that he was accused of acting in bad faith. *Id.* at 549-550.

In his motion and the Sia Letters, Trustee specifically identified the sanctionable conduct as Sia's filing of two complaints which Sia knew to be an impermissible and frivolous collateral attack on the Ninth Circuit's ruling on the debtor's claimed exemptions. Trustee also asserted that Sia's complaints were likely drafted by the debtor and filed at his behest, because the debtor was the only one to benefit from the claimed exemptions. Trustee further noted that Sia had failed to prosecute either complaint or respond to Trustee.

Thus, Sia was aware that his conduct was alleged to be sanctionable and that he was accused of acting in bad faith. Sia was also given an opportunity to respond in writing to Trustee's motion, which he did, and to appear and testify at a hearing, which he did not do.[6] *See Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950) (the fundamental question related to due process is whether the appellant received any type of notice that was reasonably calculated under all the circumstances to apprise it of the pendency of the action and afford it an opportunity to present an objection). In light of the record, we conclude that Sia was not deprived of due process.

A bankruptcy court's inherent sanction authority is recognized under

---

[6] Sia contends that he intended to appear at the sanctions hearing via court call but was unable to do so due to technical problems.

§ 105(a).[7] *In re Rainbow Magazine, Inc.*, 77 F.3d at 284. This authority is broader than Rule 9011 sanctions and "extends to a full range of litigation abuses." *In re DeVille*, 280 B.R. at 495 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). "[A] court may sanction pursuant to its inherent authority even when the same conduct may also be punished under another sanctioning statute or rule." *Id.* (string citation omitted).

Sanctionable conduct includes improper litigation tactics (e.g., delaying or disrupting litigation), bad faith, vexatious or wanton conduct, willful abuses of judicial process, or acting for oppressive reasons. *Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001); *In re DeVille*, 280 B.R. at 495. In this context, bad faith or willful misconduct consists of something more egregious than mere negligence or recklessness. *Rodriguez v. United States,* 542 F.3d 704, 709 (9th Cir. 2008) (citing *Fink*, 239 F.3d at 993-94). Inherent authority sanctions can include an award of attorney's fees. *Chambers*, 501 U.S. at 45.

To impose sanctions under its inherent authority, the bankruptcy court must find either bad faith, conduct tantamount to bad faith, or recklessness

---

[7] Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

with an "additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994; *see also Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1061 & n.3 (9th Cir. 2009), *abrogated on other grounds by Gugliuzza v. FTC (In re Gugliuzza)*, 852 F.3d 884, 898 (9th Cir. 2017) (*Fink* permits the imposition of inherent authority sanctions without an explicit finding of bad faith). In *Lehtinen*, the Ninth Circuit upheld an inherent authority sanctions order even though the bankruptcy court did not make a specific finding of bad faith. Implied findings were sufficient for inherent authority sanctions if the court found that the conduct was tantamount to bad faith and the record supported a conclusion that the sanctionee acted in bad faith or engaged in willful misconduct. 564 F.3d at 1061. The court concluded that the bankruptcy court impliedly found "bad faith" and "willful misconduct" by finding that the conduct at issue was "outrageously improper, unprofessional and unethical[.]" *Id*.

Here, the bankruptcy court did not explicitly find that Sia's conduct constituted "bad faith" or "willful misconduct," and the findings it did make are meager. After careful review, we conclude it impliedly did so by finding that Sia's complaints were "frivolous," that he had twice sued Trustee "without any basis for doing so" and made no efforts to withdraw the offending complaints, that he had failed to appear at the initial scheduling conferences in either proceeding, and that he had "blown off" the sanctions hearing as well

15

despite indicating that he wanted to appear by telephone.[8] When Sia's first complaint was dismissed for failure to prosecute, he simply repackaged it asserting the same baseless claims and again disappeared. The nature of Sia's complaints and willful abuse of judicial process demonstrate conduct tantamount to bad faith and is sufficient for inherent sanctions.

Accordingly, the bankruptcy court's findings combined with the record sufficiently support the court's decision to sanction Sia under its inherent authority and award Trustee his attorney's fees and costs. Furthermore, Sia did not challenge the court's decision to impose inherent authority sanctions or the amount of attorney's fees awarded and has therefore waived these issues. *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) (generally arguments not raised in the opening brief are deemed forfeited).

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.

---

[8] Even if we did not consider Sia's absence at the sanctions hearing against him, the record still supports the court's decision to impose inherent authority sanctions.