In re Edward LOYD, Debtor.

David Chase, Appellant,

v.

Weneta Kosmala, Chapter 7 Trustee;
United States Trustee;
Appellees.

BAP No. CC–02–1235–KMaMo.
Bankruptcy No. SA 01–14300–LR.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Feb. 21, 2003.

Filed Dec. 11, 2003.

■■■■■

David R. Chase, Anaheim, CA, Pro se.

Before KLEIN, MARLAR and MONTALI, Bankruptcy Judges.

## OPINION

MARLAR, Bankruptcy Judge.

This is an appeal from the bankruptcy court's order awarding attorney's fees to a party responding to frivolous motions. We REVERSE and REMAND.

## FACTS

Debtor filed a chapter 13 bankruptcy case on May 16, 2001. Appellant David Chase did not formally appear as counsel until one month later, but he was involved in the case from the outset.

The court converted the case to chapter 11 on its own motion because the debtor was ineligible for chapter 13 relief and later converted it to chapter 7 on the United States trustee's motion.

Thereafter, Chase filed two serial motions to re-convert the case to chapter 13 even though the debtor remained ineligible for chapter 13 relief.

In connection with the second motion to convert, the court sua sponte ordered the debtor and Chase to show cause why the case should not be dismissed "with prejudice" and with Federal Rule of Bankruptcy Procedure Rule 9011 ("Rule 9011") sanctions.

The court's 30–page Order to Show Cause ("OSC") itemized questionable actions during the bankruptcy case, including Chase's "filing of a misleading (or fraudulent), meritless, harassing, bad faith motion(s) to convert coupled with his prior bad faith conduct throughout this case."

Following hearing, the court found that Chase filed the two motions to convert in "bad faith" and sanctioned Chase but not the debtor, who agreed to dismissal "with prejudice."

Although Chase omitted that sanction order from the excerpts of record supplied to us, the clerk's docket reveals that it required Chase to pay $1,000 to the United States, imposed an education requirement, and invited fee applications from others:

(3) any harmed party seeking to recover attorney fees under 9011 on account of the filing of the 2 motions to dismiss shall file declarations and proposed orders.

Clerk's Docket Item 121. Chase did not appeal the penalty.

Appellee Kosmala, the chapter 7 trustee, accepted the court's invitation and requested an award of $3,593 as attorney's fees arising from the motions to dismiss.

Chase's written response offered nothing to posit an issue of fact that would warrant an evidentiary hearing.

The court, noting that it had previously determined that the motions had been filed in "bad faith," awarded the full $3,593 as reasonable attorney's fees and costs.

This appeal ensued.

## JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158(a)(1).

## ISSUE

Whether fee-shifting sanctions can be awarded on the court's motion under Rule 9011.

## STANDARD OF REVIEW

We review an award of sanctions under Rule 9011 for an abuse of discretion. *Barber v. Miller*, 146 F.3d 707, 709 (9th Cir.1998); *Miller v. Cardinale (In re Deville)*, 280 B.R. 483, 492 (9th Cir. BAP 2002). A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

## DISCUSSION

Acting pursuant to Rule 9011(c)(1)(B), the court ordered Chase to pay Kosmala's attorney's fees. The problem is that the sanctions awarded on the court's own motion may not include shifting of fees. *See* Fed. R. Bankr.P. 9011(c)(2). It is settled law of this circuit that, under Rule 9011, "the court, while empowered to order payment of a penalty into court when acting on its own initiative, cannot shift attorney's fees and other expenses directly resulting from the violation except upon motion of a party. Fed. R. Bankr.P. 9011(c)(2). Thus, if the court acted on its own initiative, a monetary award other than payment of a penalty into the court would have been unauthorized." *Polo Bldg. Group, Inc. v. Rakita (In re Shubov)*, 253 B.R. 540, 546 (9th Cir. BAP 2000) (citing *Miller*, 146 F.3d at 711).

*See also Markus v. Gschwend (In re Markus)*, 313 F.3d 1146, 1151 (9th Cir.2002)("It is clear that attorneys' fees and expenses incurred as a result of violating Bankruptcy Rule 9011 can be shifted only at the motion of one of the parties, and only after the rule-offending party has been given the benefit of the Rule's 21–day safe harbor."); *Deville*, 280 B.R. at 494.

Here, the fee-shifting was done on the court's own initiative, and not by a party's motion as required. The fact that the court invited the motion does not suffice to qualify it as made under Rule 9011(c)(2) because the motion contemplated by Rule 9011(c)(2) is the motion provided for by Rule 9011(c)(1), which requires mandatory compliance with the Rule 9011(c)(1) "safe harbor" procedure.

## CONCLUSION

The order requiring Chase to pay Kosmala's attorney's fees was unauthorized by Rule 9011(c)(1)(B).[1] We, therefore, REVERSE that portion of the bankruptcy court's order imposing sanctions against Chase,[2] and REMAND for any further sanction proceedings in accordance with this disposition.

KLEIN, Bankruptcy Judge, dissenting.

Although the majority is correct that Rule 9011 cannot support the award that is

---

**1.** We cannot agree with Judge Klein's thoughtful and painstaking attempt to find a basis to affirm. The arguments that he sets forth in favor of construing Judicial Code section 1927 to give bankruptcy courts the power to impose section 1927 sanctions are better left to resolution by the Ninth Circuit. There are two obstacles to our acceptance of those arguments at this level: we view the analysis in *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir.1992) and our statements in our own prior decisions that section 1927 is not available to bankruptcy courts *Deville*, 280 B.R. at 494 and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 495–

96 (9th Cir. BAP 1995), which was followed by our colleagues on another bankruptcy appellate panel (*see Smolen v. Hatley (In re Hatley)*, 227 B.R. 757, 761 (10th Cir. BAP 1998), *aff'd*, 194 F.3d 1320 (10th Cir.1999)) as binding on this panel. *See Ball v. Payco–Gen. Am. Credits, Inc. (In re Ball)*, 185 B.R. 595, 596–98 (9th Cir. BAP 1995).

**2.** The underlying sanctions order, finding that Chase violated Rule 9011 and ordering him to pay sanctions into the court and to take a law school bankruptcy course, is not on appeal, is final, and is still in force.

appealed, the error is harmless because we should affirm on the basis of 28 U.S.C. § 1927.

We are compelled to refrain from reversing on account of error that does not affect the substantive rights of the parties. 28 U.S.C. § 2111; Fed.R.Civ.P. 61, *incorporated by* Fed. R. Bankr.P. 9005. Hence, we are authorized to affirm for another reason supported by the record. *Dittman v. California*, 191 F.3d 1020, 1027 n. 3 (9th Cir.1999); *Shubov*, 253 B.R. at 547.

Although Rule 9011 no longer suffices to support an award shifting fees on the court's own motion, there is available to the bankruptcy court more potent sanctioning authority that does authorize fee-shifting awards.

The bankruptcy court's thirty-page Order to Show Cause and its subsequent determination document what plainly is "bad faith" conduct by appellant.

Where "bad faith" conduct is involved, there are two heavier caliber weapons than Rule 9011: Judicial Code § 1927 and "inherent authority" sanctions. 28 U.S.C. § 1927; *Chambers v. NASCO*, 501 U.S. 32, 42–47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir.1996) ("*Rainbow Magazine*").

The differences in "bad faith" conduct sufficient to trigger fee shifting as Judicial Code § 1927 sanctions and *Rainbow Magazine* inherent authority sanctions are largely a matter of degree. In this instance, the appellant's "bad faith" litigation conduct may not be bad enough to warrant *Rainbow Magazine* inherent authority sanctions, but is, in my view, ample to justify sanctions under Judicial Code § 1927.

The difficulty on this account, however, is that we have in the past assumed, but not squarely decided, that bankruptcy judges may not impose Judicial Code § 1927 sanctions. Our premise has been that the Ninth Circuit holds that bankruptcy courts are not "courts of the United States" for purposes of the Judicial Code. *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893 (9th Cir.1992) (28 U.S.C. § 1915).

Upon scrutiny of the language of Judicial Code § 1927, however, it is not essential that sanctions under that provision be imposed by a "court of the United States." I shall proceed to explain.

Judicial Code § 1927, entitled "Counsel's liability for excessive costs," provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Under the law of this circuit, § 1927 sanctions in the form of shifting costs, expenses, and fees may be imposed upon an attorney who acts either recklessly or in "bad faith." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir.2001).

Chase's motions that were determined to have been filed in "bad faith" fit squarely within the zone of conduct addressed by § 1927. The determination that Chase acted in "bad faith" in filing the two conversion motions necessarily subsumes recklessness. The sanctions imposed are precisely those permitted by § 1927, which section appears to be tailored to the situation at hand. The key question is whether a bankruptcy judge is authorized to impose § 1927 sanctions.

It is an open question in the Ninth Circuit, which has not squarely ruled on the question, whether a bankruptcy judge is authorized to impose § 1927 sanctions.

Our decisions regarding the use of § 1927 in bankruptcy are not consistent. We have said, in a decision that was affirmed by the Ninth Circuit without a square holding on the question, that § 1927 sanctions may be imposed by bankruptcy judges. *Mortgage Mart. Inc. v. Rechnitzer (In re Chisum),* 68 B.R. 471, 473 (9th Cir. BAP 1986), *aff'd,* 847 F.2d 597 (9th Cir.1988); *accord, Norwood Fed. Sav. & Loan Ass'n v. Guiltinan (In re Guiltinan),* 58 B.R. 542, 545 (Bankr. S.D.Cal.1986) (Adler, B.J.).

We have, however, assumed in other instances that § 1927 is not in the bankruptcy judge's arsenal in this circuit. *E.g., Miller v. Cardinale (In re Deville),* 280 B.R. 483, 494 (9th Cir. BAP 2002); *Determan v. Sandoval (In re Sandoval),* 186 B.R. 490, 495–96 (9th Cir. BAP 1995).

Our assumption that § 1927 is not available has been based on an easy, but dubious, extrapolation of a Ninth Circuit decision holding that the bankruptcy appellate panel lacks authority to authorize in forma pauperis proceedings under 28 U.S.C. § 1915. *In re Perroton,* 958 F.2d at 893. There, the Ninth Circuit reasoned that a bankruptcy court is not a "court of the United States" for purposes of 28 U.S.C. § 451 and that, hence, bankruptcy courts lack authority to make in forma pauperis determinations under 28 U.S.C. § 1915.

While we have assumed that *Perroton's* analysis of the status of bankruptcy courts regarding § 1915 applies equally to § 1927, we have not heretofore closely examined the question. On closer scrutiny, flaws emerge that change the picture. In short, it does not follow from *Perroton* that § 1927 cannot be used by bankruptcy judges.

I submit that bankruptcy judges can impose § 1927 sanctions, despite *Perroton,* for a number of reasons.

First, the Ninth Circuit has itself recently assumed that bankruptcy judges may impose § 1927 sanctions. Holding that federal sanctions law trumped state sanctions law in a particular situation, it reversed a bankruptcy court's sanctions award under state law, noting that the bankruptcy court could on remand consider an award under federal sanctions law, which it described as including § 1927. *Galam v. Carmel (In re Larry's Apt., LLC),* 249 F.3d 832, 840 (9th Cir.2001).

Second, *Perroton* did not purport to decide the specific question of a bankruptcy judge's § 1927 authority. Under its facts, the narrow question was whether the bankruptcy appellate panel created pursuant to 28 U.S.C. § 158(b)(1) had in forma pauperis authority under § 1915. The answer, which was in the negative, focused on the status of bankruptcy courts without distinguishing between a bankruptcy court and a bankruptcy appellate panel, and did not mention § 1927. Thus, *Perroton* is of limited precedential value.

Third, the statutory language of § 1927, unlike § 1915, is not limited to Article III judges. Rather, § 1927 authorizes courts of any territory of the United States to impose its sanctions, in addition to the "courts of the United States" upon which the *Perroton* panel focused.

This introduces an ambiguity not present in § 1915 relating to whether other non-Article III judges might also be implicitly authorized to impose § 1927 sanctions. Indeed, much of the analysis in *Perroton* constituted a fruitless quest for some indication that Congress intended for § 1915 power to be exercised by judges who lack Article III tenure. In contrast, evidence of non-Article III intent is on the

face of § 1927. Thus, regardless of whether bankruptcy courts are "courts of the United States" under § 451, bankruptcy judges may apply § 1927.

Fourth, in light of subsequent Ninth Circuit authority, the better reading of *Perroton* is that, to the extent its § 451 "court of the United States" analysis applies, a § 1927 sanctions question is, at a minimum, a "noncore" proceeding under 28 U.S.C. § 157(c) over which the bankruptcy court has authority to make a report and recommendation.

Specifically, the Ninth Circuit's analysis in *Perroton* rests on an unexplored premise that the bankruptcy court is a separate court from the district court. The *Perroton* panel did not consider the implications of the statutes providing that the bankruptcy court is a "unit" of the district court that exercises much of the jurisdiction of the district court with respect to bankruptcy matters. 28 U.S.C. §§ 151, 157 & 1334.

Nor did the *Perroton* panel consider the fact that a district court, which is unquestionably a "court of the United States" under § 451, is entitled to withdraw the reference of a bankruptcy case and handle it itself. In the face of a withdrawn reference, it would then have had to face the larger question of whether § 1915 applies in bankruptcy, the outcome of which was probably not really in doubt in view of the fact that the Supreme Court had held that fees could be required in bankruptcy as a condition of discharge and the fact that nothing about the 1978 Bankruptcy Code suggested a change in that aspect of bankruptcy law. *United States v. Kras,* 409 U.S. 434, 444–46, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

These omitted questions operate to limit the utility of the *Perroton* § 1915 decision as a § 1927 precedent. Questions lurking in a record that are neither brought to the attention of the court nor ruled upon are not regarded as having been so decided as to constitute precedents. *Galam,* 249 F.3d at 839, *quoting Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925). Instead, one must attend to the holdings of cases, rather than their dicta. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 379, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Fifth, in an analogous situation subsequent to *Perroton,* the Ninth Circuit did deal directly with the jurisdictional statutes fixing the relationship of the district and bankruptcy courts and concluded that they are not, as had been assumed in *Perroton,* separate courts. Rather, it held that "bankruptcy courts are, for jurisdictional purposes, inseparable from the district court" and do not need to be separately described in legislation that refers to the power of district courts to award fees. *United States v. Yochum (In re Yochum),* 89 F.3d 661, 669 (9th Cir.1996) (26 U.S.C. § 7430).

Although *Yochum* distinguished *Perroton* as arising under a different title of the United States Code, *Yochum's* reasoning regarding the structure of the courts, and the unitary relationship for jurisdictional purposes, cannot be gainsaid.

Reading *Perroton* in light of *Yochum,* implies that a § 1927 sanctions issue in the bankruptcy court is, at a minimum, a "noncore" proceeding that a bankruptcy judge may resolve unless the parties insist upon a decision by the district court under the report and recommendation procedure. 28 U.S.C. § 157(c); Fed. R. Bankr.P. 9033. Chase did not insist upon the report and recommendation procedure.

Sixth, the absence of § 1927 sanctioning authority (or even the requirement of a report and recommendation) would leave a nonsensical lacuna in bankruptcy sanctioning authority. It is beyond cavil that the bankruptcy court has the heavy artillery of "inherent authority" sanctioning power as recognized in *Rainbow Magazine.* If the